Federal Natl. Mtge. Assn. v Azoulay (2019 NY Slip Op 00857)





Federal Natl. Mtge. Assn. v Azoulay


2019 NY Slip Op 00857


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06754
 (Index No. 22095/08)

[*1]Federal National Mortgage Association, etc., appellant,
v
Nissim Max Azoulay, etc., respondent, et al., defendants.


Rosicki, Rosicki & Associates, P.C., Plainview, NY (Edward Rugino of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an amended judgment of foreclosure and sale of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated April 26, 2016. The amended judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated March 10, 2016, and upon directing the sale of the subject property, directed that certain insurance proceeds be applied to the balance of the loan "at or around the time of default" and the outstanding principal and interest be reduced accordingly.
ORDERED that the amended judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements.
In 1998, the defendant Nissim Max Azoulay (hereinafter the defendant) executed a mortgage on the subject property to secure a note in the sum of $100,200. In 2006, the defendant stopped paying his hazard insurance premiums and the plaintiff purchased forced-place hazard insurance for the property. In June 2007, during the term of the forced-place hazard insurance policy, the property was severely damaged by fire. The defendant stopped making his mortgage payments beginning with the payment due on July 1, 2007.
The insurer issued two checks totaling $52,174.85 for the losses caused by the fire. The insurance proceeds were placed in a "restricted escrow" account to be used for the cost of repairs. Between July 2008 and February 2009, the defendant obtained estimates of the cost to repair the damage from four different contractors. The estimates ranged from $132,000 to $260,250. The repair work was never performed, and the City of New York demolished the structure on the property in 2010.
In the interim, in July 2008, the plaintiff commenced this foreclosure action against the defendant, among others. The Supreme Court entered a judgment of foreclosure and sale in March 2014. The foreclosure sale was scheduled to take place in July 2014.
The defendant moved by order to show cause to vacate the judgment of foreclosure and sale, and the sale of the subject property was stayed. The defendant argued, inter alia, that the insurance proceeds satisfied the amount due on the note. In an order dated March 10, 2016, the Supreme Court denied the defendant's motion, but directed that the $52,174.79 in insurance proceeds be applied to the defendant's mortgage debt at or around the time of his default, and that [*2]the outstanding principal and interest be reduced accordingly. Thereafter, the court entered an amended judgment of foreclosure and sale which, upon the order dated March 10, 2016, and upon directing the sale of the subject property, directed that the insurance proceeds be applied to the balance of the loan "at or around the time of default" and the outstanding principal and interest be reduced accordingly.
With regard to hazard insurance proceeds, the mortgage instrument provides: "The amount paid by the insurance company is called proceeds.' The proceeds will be used to repair or to restore the damaged Property unless: (A) it is not economically feasible to make the repairs or restoration ; or (B) the use of the proceeds for that purpose would lessen the protections given to Lender by this Security Instrument; or (C) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Security Instrument " (emphasis added).
Here, it was not economically feasible to make the repairs or restoration, as the estimated costs of repair ranged from approximately 2.5 to 5 times the amount of the insurance proceeds, and the structure on the property was ultimately demolished. Thus, we agree with the Supreme Court's directive, in accordance with the mortgage instrument, that the insurance proceeds be applied to the defendant's mortgage debt at or around the time of default, and that the outstanding principal and interest be reduced accordingly (see generally Real Property Law § 254[4]).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court